IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALISHA WADDELL and
JAMES WADDELL                                                    PLAINTIFFS

V.                          CASE NO. 5:18-CV-05087

TRANSWORLD SYSTEMS, INC. and
FINKELSTEIN, KERN, STEINBERG
& CUNNINGHAM, P.C.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are two related motions. The first motion is Defendants Transworld Systems, Inc.'s ("Transworld") and Finkelstein, Kern, Steinberg & Cunningham, P.C.'s ("FKSC") motion for Summary Judgment (Doc. 22), and the second is Plaintiffs Alisha and James Waddell's ("the Waddells") Motion for Leave to File an Amended Complaint (Doc. 25). For the reasons explained below, Transworld's and FKSC's Motion for Summary Judgment is **GRANTED**, and the Waddells' Motion for Leave to File an Amended Complaint is **DENIED** as futile.

### I. BACKGROUND

This case arises out of alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), with respect to collection actions filed against the Waddells in state court. The collection actions concerned two student loans, both of which were dispersed in July of 2007. Chase Bank ("Chase") loaned the Waddells $8,500 ("Loan 1"), and Bank of America loaned them $4,500 ("Loan 2").[1]

---

[1] Alisha Waddell was the primary borrower, and her husband James was the co-signer on both loans.

In September of 2007, Chase sold and assigned its right to title to Loan 1 to National Collegiate Funding, LLC ("NCF") as part of a bundled sale. The right to title was subsequently sold and assigned to National Collegiate Trust 2007-3 ("NCT 2007-3"). The Waddells failed to make payments toward the loan. Transworld, the agent and service provider for National Collegiate Trusts ("NCT"), placed Loan 1 with FKSC for collection. FKSC sent the Waddells letters identifying NCT 2007-3 as the creditor for Loan 1 and requested payment. The Waddells contacted FKSC and agreed to a payment plan for Loan 1. The Waddells made payments toward the debt, but eventually stopped making payments.

On March 23, 2017, FKSC filed a collection suit against the Waddells on behalf of NCT 2007-3 in the Circuit Court for Washington County, Arkansas, captioned *National Collegiate Student Loan Trust 2007-3 v. Alisha Waddell and James Waddell*, Case No. 72-cv-1006-1 ("Loan 1 Lawsuit"). The complaint in the Loan 1 Lawsuit attached an affidavit from Transworld employee Dudley Turner and various assignment documents. On July 11, 2017, FKSC voluntarily dismissed the Loan 1 Lawsuit. Plaintiffs now speculate that the Loan 1 Lawsuit was dismissed because FKSC never intended to prosecute it; however, Defendants maintain that they nonsuited the case because the state court denied their request for a continuance.

On October 25, 2016, FKSC filed a second collection suit against the Waddells, this time concerning Loan 2. Bank of America had sold and assigned its right, title, and interest in Loan 2 to NCF in September 2007. NCF subsequently sold and assigned Loan 2 to National Collegiate Trust 2007-4 ("NCT 2007-4"). The Waddells failed to make required loan payments on Loan 2, and Transworld subsequently placed Loan 2 with

FKSC for collection. FKSC then sent the Waddells letters identifying NCT 2007-4 as the creditor for Loan 2 and requested payment. The Waddells made some payments toward the debt, but eventually stopped making payments.

FKSC's collection lawsuit concerning Loan 2 was also filed in Washington County Circuit Court in a case captioned *National Collegiate Student Loan Trust 2007-4 v. Alisha Waddell and James Waddell*, Case No. 72-cv-16-2251 ("Loan 2 Lawsuit"). The complaint in the Loan 2 Lawsuit attached an affidavit from Transworld employee Bryan Jackson. Ultimately, FKSC dismissed the Loan 2 Lawsuit on November 28, 2017. Plaintiffs contend that this dismissal also occurred because FKSC never intended to prosecute the lawsuit; but Defendants counter that they took a nonsuit only because their request for a continuance was denied by the state court.

The Waddells filed the instant lawsuit in this Court on May 22, 2018. They allege that Defendants' attempts to collect on Loans 1 and 2 in state court violated the FDCPA and the AFDCPA. They claim that what happened to the Waddells in state court was "part of a nationwide practice and pattern of suing consumers to collect student loan debt accompanied by false and misleading affidavits and testimony and suing without the intent or ability to prove their claims that the consumers sued owed a student loan debt to one of the National Collegiate Student Loan Trusts." (Doc. 1 at 1).

On October 31, 2018, Defendants jointly moved for summary judgment, arguing that: (1) the Waddells' claims are time-barred, (2) Transworld's employee affidavits attached to the state court complaints were not deceptive, and (3) the Waddells' speculation that FKSC dismissed the state court suits because they never intended to prosecute them is false, as Defendants possessed the documentation to show that the

3

Waddells actually owed the debts on Loans 1 and 2, and those debts were subject to collection.

On November 13, 2018, after Defendants moved for summary judgment, Plaintiffs timely moved to amend their complaint. (Doc. 25). The proposed amended complaint asserts all the same causes of action that appear in the original complaint, but adds certain facts related to a lawsuit that was filed in Delaware Chancery Court. That case, which appears to be ongoing, is styled *The National Collegiate Master Student Loan Trust I, et al. v. U.S. National Bank Association, et al.*, Case No. 2018-0167. The Delaware complaint alleges that the National Collegiate Master Student Loan Trust instructed Transworld to stop filing lawsuits in the name of the Trusts in instances where Transworld could not demonstrate standing to collect on defaulted loans. *See* Doc. 25-1 at 16-19.[2] Plaintiffs contend that they are the victims of the same pattern and practice of conduct that is set forth in the Delaware complaint, namely, that Transworld lacked standing to file the Loan 1 and Loan 2 Lawsuits and was directed by the NCT *not to file* those lawsuits.

## II. LEGAL STANDARD

The legal standard for summary judgment is soundly established. Federal Rule of Civil Procedure 56(a) notes that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court reviews facts in the light most favorable to the non-moving party, and must give that party the benefit of any inferences that can be deduced from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir.

---

[2] The entirety of the Delaware complaint is attached to the proposed amended complaint as an exhibit.

4

1997). The moving party must demonstrate the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave" to amend a pleading "when justice so requires." However, the Court may deny amendment based on the "futility" of the amended complaint. *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)). An amendment is futile if it would not survive a subsequent motion to dismiss. *Hintz v. J.P. Morgan Chase Bank, N.A*, 686 F.3d 505, 511 (8th Cir. 2012).

### III. DISCUSSION

#### a. Defendant's Motion for Summary Judgment

Defendants offer a number of arguments in support of their motion for summary judgment. First, they contend that the Waddells' claims are time-barred under the statute of limitations for both the FDCPA and AFDCPA. Second, they argue that Transworld's affidavits filed in the state court lawsuits were not "materially deceptive" and did not violate the FDCPA and AFDCPA. Finally, they argue that FKSC did not file the state court lawsuits without the ability or intent to prosecute them.

#### i. Statute of Limitations

Defendants argue that Plaintiffs' claims are time-barred because both the FDCPA and AFDCPA are subject to a one-year statute of limitations. The Court will assume, without deciding, that the claims here are not time-barred and will proceed to address the merits of Plaintiffs' Complaint and the substantive arguments on summary judgment.

### ii. Deceptive/Abusive Debt Collection Practices

The FDCPA is a consumer protection statute created to flush out "abusive, deceptive, and unfair debt collection practices." *Schmitt v. FMA All.*, 398 F.3d 995, 997 (8th Cir. 2005). The Act prohibits false representations regarding the amount of debt a consumer owes, engaging in threatening or abusive behavior to collect a debt, and threatening to take certain action against a debtor that cannot be legally taken. 15 U.S.C. § 1692(e).

The AFDCPA similarly prohibits "conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt." Ark. Code Ann. § 17-24-505(a). Additionally, the AFDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of a debt." Ark. Code Ann. § 17-24-506(a).

Here, Defendants are accused of attempting to collect debts that they lacked standing to collect. The Waddells contend that FKSC sued them without the intent or ability to prove that NCT 2007-3 was the owner of Loan 1 and NCT 2007-4 was the owner of Loan 2. In support of this argument, the Waddells claim that: (1) Defendants failed to provide them with documentation proving the assignment of Loan 1 and Loan 2 to NCT 2007-3 and NCT 2007-4, respectively, which must mean that such documentation does not exist; (2) Defendants decided to voluntarily dismiss the state court actions against the Waddells, which must mean that the Defendants lacked the ability or intent to pursue legal action against them; and (3) Defendants utilized false and misleading affidavits to support their complaints in the Loan 1 and Loan 2 Lawsuits, since the affidavits were

made without the affiants' personal knowledge of the assignment history of Loan 1 and Loan 2.

Beginning with the Waddells' first argument, it is demonstrably false. There is simply no genuine dispute of material fact that the Defendants have the documentation to prove that the trusts owned the Waddells' student loans and that the Defendants had standing to file collection actions concerning those student loans. Regarding Loan 1, in the original sum $8,500, borrowed from JPMorgan Chase Bank and ultimately assigned to NCT 2007-3. *See* Doc. 24-3 at 146-83. Regarding Loan 2, in the original sum $4,500, borrowed from Bank of America and ultimately assigned to NCT 2007-4. *See* Doc. 24-3 at 50-92. The entirety of the documentation for these loans—including origination documents, assignment documents, and documentation of outstanding balances due— were attached to state court collection complaints and/or provided in discovery. *See, e.g.,* Doc. 24-3 at 134, 40. More specifically, the Waddells suggest that they were never provided with "Schedule 1" to the Pool Supplement documents—which would prove that Loan 1 and Loan 2 were expressly included in the pools of individual loans ultimately assigned to NCT 2007-3 and NCT 2007-4, respectively. This assertion is patently false, too. *See* Doc. 24-3 at 161-162, 69.

It is also worth mentioning that the Waddells do not claim in the instant lawsuit that the student loans debts were *not* owed, nor do they claim that the debts were too stale for Defendants to collect. In fact, Alisha Waddell made payments toward at least one of the debts and set up a payment plan with FKSC in February of 2016. *Id.* at 187-92. Defendants did not file the Loan 1 Lawsuit until after July of 2016, when Alisha Waddell's

bank returned a check to FKSC and indicated there were insufficient funds in her bank account to cover the check. *See id.* at 195.

Next, there is no merit to the Waddells' argument that the Defendants' nonsuits taken in Arkansas state court create a genuine, material dispute of fact that they lacked the intent or ability to successfully prosecute the suits. Arkansas Rule of Civil Procedure 41(a)(1) states that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court." Arkansas courts consistently recognize that a "plaintiff's right to voluntarily nonsuit a claim before final submission is absolute." *Norrell v. Giles*, 343 Ark. 503, 506, 36 S.W.3d 342, 343 (2001). Furthermore, it is equally clear that in Arkansas, the "first dismissal is without prejudice and is not an adjudication on the merits." *Id.* Crucially, the Waddells offer no proof on summary judgment to support their claim that the Defendants lacked the intent or ability to prosecute the Loan 1 and Loan 2 Lawsuits. All they point to is the fact that both cases were voluntarily dismissed. As explained above, Defendants possessed the necessary documents to demonstrate they had standing to collect on the student loan debts.

As to the Waddells' third argument concerning the deceptive nature of the employee affidavits attached to the complaints in the Loan 1 and 2 Lawsuits, Plaintiffs fail to articulate how they were misled by the contents of the affidavits and fail to meet proof with proof on this issue in their opposition to the Defendants' Motion for Summary Judgment. (Doc. 26). *See Bolderson v. City of Wentzville, Mo.*, 840 F.3d 982, 986-87 (8th Cir. 2016) ("[Plaintiff] is obligated to meet proof with proof at the summary-judgment stage . . . ." (citing *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010)).

In any event, it is evident that these affidavits served the purpose of providing a foundation for introducing and attaching to the state court complaints the loan documentation supporting Loans 1 and 2—and for demonstrating FKSC's standing to sue. The Waddells have failed to present evidence on summary judgment that they relied on these affidavits at all, let alone were deceived by them. At the end of the day, there is no dispute that they owed the student loan debts to the trusts, and the Defendants had standing to collect the debts. Accordingly, the Complaint will be **DISMISSED WITH PREJUDICE**.

### b. Plaintiff's Motion for Leave to Amend Complaint

After a careful review of the original Complaint and the proposed amended complaint, the Court finds that granting the Waddells leave to amend would be futile because the causes of action articulated in the amended complaint are identical to those provided in the original Complaint. There is nothing in the proposed amended complaint that actually connects the Waddells to the litigation occurring in Chancery Court in Delaware. The additional facts concerning the Delaware case amount to conclusory allegations that are contradicted by the *actual facts* in the summary judgment record here. It would therefore be futile to allow the proposed amended complaint to be filed, so the request to do so is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendants Transworld Systems, Inc.'s and Finkelstein, Kern, Steinberg, & Cunningham, P.C.'s Motion for Summary Judgment (Doc. 22) is **GRANTED**. Plaintiffs Alisha and James Waddell's

Motion for Leave to File an Amended Complaint (Doc. 25) is **DENIED**. Judgment will enter contemporaneously with this Order.

**IT IS SO ORDERED** on this 14th day of March, 2019.

/s/ Timothy L. Brooks
_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE